```
1  LAW OFFICES OF LEAH SAFFIAN
   Leah Saffian Attorney at Law (SBN 121796)
2  15206 Ventura Blvd #306
   Sherman Oaks, CA 91403
3  Attorney for Plaintiffs
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATTON GROUP LIMITED INC., a California Corporation; MH LIBYA GROUP FOR INVESTMENT AND JOINT SERVICES Inc., a California Corporation; MH LIBYA GROUP FOR INVESTMENT AND SERVICES, a Libyan Company;<br><br>Plaintiffs,<br><br>vs.<br>ROYAL ASSET MANAGEMENT ("RAM"), a UAE corporation; ADAM UMERJI aka Shafiq Patel, an individual; CHRISTOPHER THORNE, an individual; MOHAMMED ZABIR VADIA aka MOHMED ZABIR VADIA, an individual; SAJID PATEL, an individual; NASHEERA PATEL aka NASIRA PATEL, an individual; DESMAN DRIVER aka DEZMEN DRIVER, an | No.<br><br>COMPLAINT FOR DAMAGES:<br><br>1) Breach of Contract (written)<br>2) Breach of Contract (Written)<br>3) Conversion<br>4) Fraud<br>5) Conspiracy<br><br>Judge:<br><br>Department: |

individual; YASAAR al-HAMEDI aka YASAAR AL-HAMIDI, an individual;, ANTHONY LE VEQUE, an individual; SAHUL INDUSTRIES HK LIMITED, a Hong Kong company; SHEIKH SAQER NAHYAN, aka SHAIKH SAQER MOHD ZAYED AL NEHAYAN; SHEIKH SAQER MOHAMED ZAYED AL HAHYAN; SHEIKH SAQER; SHEIKH SAQAR; SHEIKH SAQER HOHAMED ZAYED ALNEHYAN an individual;,

Defendants

COME NOW PLAINTIFFS MH LIBYA Group for Investment and Joint Services Inc and MH LIBYA Group for Investment and Services, by and through their attorney of record Leah Saffian, a California lawyer and Utter Barrister of the United Kingdom, and for their Petition and Complaint for Breach of Written Contract, Conversion, and Fraud and for Damages against Defendants, jointly and severally, they state to the Court as follows:

FEDERAL DIVERSITY JURISDICTION

1. Plaintiff HATTON GROUP LIMITED INC., a California Corporation (hereinafter "HATTON") is a corporation organized and existing under the laws of the State of California with its principal place of business in the City of Orange, California. For the purposes of diversity, Plaintiff is a citizen of California. (See U.S.C. §1332(a) (2).

2. Plaintiff MH LIBYA GROUP FOR INVESTMENT AND JOINT SERVICES Inc (hereinafter "MHL CA" ) is a corporation organized and existing under the laws of the State of California with its principal place of business in the City of Orange, California. For the purposes of diversity, Plaintiff is a citizen of California. (See U.S.C. §1332(a) (2).

3. Plaintiff MH LIBYA GROUP FOR INVESTMENT AND SERVICES (hereinafter "MHL Libya") is a company organized and existing under the laws of the Country of Libya with its principal place of business in the city of Benghazi. For the purposes of diversity, Plaintiff is a citizen of Libya. (See U.S.C. §1332(a) (2)).

4. Defendant Royal Asset Management (hereinafter "RAM") is a company organized and existing under the laws of the <u>United Arab Emirates with its principal place of business in the city of Dubai.</u> For the purposes of diversity, Plaintiff is a citizen of the United Arab Emirates. (See U.S.C. §1332(a) (2)).

5. Defendant ADAM UMERJI aka Shafiq Patel(hereinafter "UMERIJI") is an individual and a citizen of the United Kingdom. (See U.S.C. §1332(a) (2)).

6. Defendant CHRISTOPHER THORNE (hereinafter "THORNE") is an individual and a citizen of the United Kingdom. (See U.S.C. §1332(a) (2)).

7. Defendant MOHAMMED ZABIR VADIA aks MOHMED ZABIR VADIA (hereinafter "VADIA") is an individual and a citizen of the United Kingdom. (See U.S.C. §1332(a) (2)).

8. Defendant SAJID PATEL (hereinafter "PATEL") is an individual and a citizen of the United Kingdom. (See U.S.C. §1332(a) (2)).

9. Defendant DESMAN DRIVER aka DEZMEN DRIVER (hereinafter "DRIVER"), is an individual, a resident of United Arab Emirates and a citizen of the India. (See U.S.C. §1332(a) (2)).

10. Defendant YASAAR al-HAMEDI aka YASAAR AL-HAMIDI (hereinafter "HAMEDI") is an individual and a resident or citizen of the United Arab Emirates. (See U.S.C. §1332(a) (2)).

11. Defendant ANTHONY LE VEQUE (hereinafter, "LE VEQUE") is an individual and a

3

citizen of California, the United States of America. (See U.S.C. §1332(a) (2)).

12. Defendant SAHUL INDUSTRIES HK LIMITED (hereinafter ("SAHUL"), is a Hong Kong company organized and existing under the laws of Hong Kong with its principal place of business in the city of Hong Kong Central. For the purposes of diversity, Plaintiff is a citizen of Hong Kong, Hong Kong Special Administrative Region of the People's Republic of China (See U.S.C. §1332(a) (2)).

13. Defendant MH Libya USA, a California corporation, is a corporation organized and existing under the laws of the State of California with its principal place of business in the City of Orange, California. For the purposes of diversity, Defendant is a citizen of California. (See U.S.C. §1332(a) (2).

14. Defendant SHEIKH SAQER NAHYAN, aka SHAIKH SAQER MOHD ZAYED AL NEHAYAN; SHEIKH SAQER MOHAMED ZAYED AL HAHYAN; SHEIKH SAQER; SHEIKH SAQAR; SHEIKH SAQER HOHAMED ZAYED ALNEHYAN (hereinafter "SHEIKH") is an individual and a citizen of the United Arab Emirates. (See U.S.C. §1332(a) (2)).

15. Diversity Jurisdiction under 28 U.S.C. §1332(a) (2) requires that Plaintiffs citizenship be diverse from the defendant's citizenship.

16. Diversity of citizenship is present in the instant case because Plaintiffs are citizens of California and Libya and Defendant's are citizens of the United Kingdom, the United Arab Emirates, Hong Kong Special Administrative Region of the People's Republic of China and the United States. 28 U.S.C. §1332(a) (2)

17. For Relief, Plaintiffs seek damages in excess of Seventy-Five Thousand United States Dollars (US$ 75,000) on each count. 28 U.S.C. §1332(a).

18. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. §1332 as this is a civil action between citizens of "...*(a)(2) citizens of a State and citizens or subjects of a foreign state...*" 28 U.S.C. §1332(a) (2) in which the amount in controversy exceeds the sum of Seventy-Five Thousand United States Dollars (US$

75,000) inclusive of interest and costs.

## AVERMENTS COMMON TO ALL COUNTS

19. Plaintiff HATTON is and was at all times the majority shareholder of MHL LIBYA.

20. On or about April 5th, 2019 Plaintiff MHL LIBYA transferred all of its debt to Plaintiff MHL CA.

21. On or about 20 January 2015 the MHL LIBYA without notice to or consent of its CEO or HATTON its majority shareholder, entered into a Contract #1 wherein RAM agreed to supply medical equipment to MHL LIBYA in exchange for US$ 20 million Contract No.: RAM/MH/78646 (Exhibit 1)

22. On or about 28th January 2019 MHL LIBYA without notice to or consent of its CEO or HATTON its majority shareholder, entered into a Contract #2 wherein RAM agreed to supply medical equipment to MHL LIBYA in exchange for Euros €23,995,000 Contract No.: RAM/MH/78629 (Exhibit 2).

23. RAM is owned 100% by Defendant SHEIKH (Exhibit 5).

24. These Contracts No 1 and No2 were executed by VADIA for RAM and LE VEQUE for MHL LIBYA.

25. MHL LIBYA issued two irrevocable Letters of Credit corresponding to Contract No. 1 and Contract No.2 L/Cs DXB0271920B and DXB0271920A respectively . (EX 1 and EX 2 )

26. Letter of Credit #1 for US $ 20,000,000 was credited to RAM's bank accounts on April 16, 201. (EX1 Page 9)

27. Letter of Credit #2 for Euros €23,995,000 was credited to RAM's bank accounts on June 21, 2015. (EX 2 Pages 2-4).

28. Delivery of the medical supplies was scheduled for arrival by 30 April 2015.

29. The medical supplies never arrived (Exhibit 3).

5

30. The contents of Bills of Ladings from CMA CGM for both shipments were fraudulently declared as to contain the "Goods as per Invoice No. RAM/MH/01343"and "Goods as per Invoice No. RAM/MH/01342" in order to cash the Letter of Credit. In reality, the contents were mattresses. The 2 Bills of Lading Bills of Lading numbers DXB0271920B and DXB0271920A) from CMA CGM.

31. False documents were provided by SAHUL in collusion with RAM, with the intent to defraud MHL Libya by appearing to show that RAM had purchased the medical equipment from Hong Kong. This was a sham which was later discovered when the containers were opened by the shippers and found to contain mattresses. SAHUL conspired with SHEIKH, UMEJI, THORNE, VADIA, PATEL, DRIVER, HAMEDI and LEVEQUE.

32. On May 1, 2016 the shipping company CMA CGA reported that on April 22, 2015 the booking party Ahoran Logistics on behalf of RAM asked to hold the containers while on transit in port of Malta and that the booking party did not wish the container to proceed to Tobruk. This was in express violation of the terms of the Letter of Credit. Instead, CMA CGA reported that these shipping containers were recalled back to Jebel Ali port. ( EX 3 )

33. When the shipping containers were subsequently opened in Malta by the shipping line, CMA CGA, they were found not to contain medical supplies but rather old mattresses.

34. Not only did RAM fraudulently stop the containers from being delivered to Tobruk Libya, the content of the containers were mattresses that did not conform to the medical supplies for which the parties contracted nor the goods itemized in the Bills of Lading supplied by RAM, SHEIH UMEJI and SAHUL (EX 1 Pages 14-16.)

35. The documents supplied by RAM and SAHUL to MHL LIBYA and the customs authorities were false and forged. (EX 1 pages 12-16)

36. MHL LIBYA demanded by letter the return of the funds. (Exhibit 4)

37. An employee of MHL LIBYA named LE VEQUE was dispatched to RAM and UMERJI to demand a refund.

38. On May 9, 2015, Mr Al Jelani AL Ferjani wrote a letter to UMERGI stating and complaining that the medical goods were never received. (EX 4)
39. The funds were never refunded and the medical goods were never supplied by RAM to MHL LIBYA.
40. LE VEQUE executed a false and or forged document stating that the goods had been received. This was impossible as the containers were opened by the shipping company CMG/CMA and when opened they were discovered to contain old mattresses.

## COUNT 1 – TRANSACTION OF JANUARY 20 2015
## LETTER OF CREDIT US $20,000,000

COME NOW PLAINTIFFS HATTON GROUP LIMITED INC; MH LIBYA Group for Investment and Joint Services Inc and; MH LIBYA Group for Investment and Services, by and through their attorney of record Leah Saffian, a California lawyer and Utter Barrister of the United Kingdom, and for their Petition and Complaint for Breach of Written Contract, Conversion, and Fraud and for Damages against Defendants, jointly and severally, they state to the Court as follows:

41. PLAINTIFFS restate and re-allege all averments contained in paragraphs 1-40 of its complaint and petition as if more fully set forth in full hereafter.
42. Despite having received payment in full for the full contract price pursuant to written contract Defendants failed to ship and deliver the medical goods pursuant to the terms of contract.
43. Defendants have failed and refused to remedy their Breach of Contract and as a result Plaintiffs MHL LIBYA suffered damages in that they have lost revenue and remain indebted to the party to whom they were obligated to refund the monies advanced namely the party that deposited the $ 47 million with MHL Libya namely the Libyan Central

Bank. The trading reputation of MHL LIBYA has been damaged and MHL Libya has been barred from doing business in Libya as a result of the fraudulent conduct of Defendants.

44. Plaintiff MHL LIBYA has lost revenue in excess of US $47 million related to not receiving the product for which it had already paid. It is entitled to have received the product and/or receive a full refund of sums paid for said product.

45. Plaintiffs have been damaged by the actions of Defendants, jointly and severely.

WHEREFORE, Plaintiffs pray for an order of this Court on Count 1 of its petition granting Plaintiff judgment against Defendants, jointly and severely, for their breach of contract in the amount of US $47 million as and for damages and for an award of Plaintiffs attorney fees and costs payable by Defendants, all of them, and or such other and further orders as this court deems just and proper under the circumstances.

## COUNT 2 – TRANSACTION OF JANUARY 20 2015
## LETTER OF CREDIT € 23,995,000

COME NOW PLAINTIFFS HATTON GROUP LIMITED INC.; MH LIBYA Group for Investment and Joint Services Inc and; MH LIBYA Group for Investment and Services, by and through their attorney of record Leah Saffian and for their Petition and Complaint for Breach of Written Contract, Conversion, and Fraud and for Damages against Defendants, jointly and severally, they state to the Court as follows:

46. PLAINTIFFS restate and re-allege all averments contained in paragraphs 1-45 of its complaint and petition as if more fully set forth in full hereafter.

47. Despite having received payment in full for the full purchase price pursuant to written contract No 2 dated 28 January 2015 (EXHIBIT 2) Defendants failed to ship and deliver

the medical goods pursuant to the terms of contract.

48. Defendants have failed and refused to remedy their Breach of Contract and as a result Plaintiffs MHL LIBYA suffered damages in that they have lost revenue and remain indebted to the party to whom they were obligated to supply medical goods and the party that deposited the $ 47 million with MHL Libya, namely the Libyan Central Bank. There trading reputation has been damaged and MHL Libya was banned from doing business in Libya.

49. Plaintiff MHL Libya has lost revenue in excess of Euros €23,995,000 million (approximately US$26,933,438.10) related to not receiving the product for which it had already paid and it was entitled to receive the product and/or receive a refund of sums paid for said product.

50. Plaintiff MHL LIBYA is obligated to repay Euros €23,995,000 million to the party who contracted for the medical supplies.

51. Plaintiffs have been damaged by the actions of Defendants, jointly and severely.

WHEREFORE, Plaintiffs pray for an order of this Court on Count 2 of its petition granting Plaintiff judgment against Defendants, jointly and severely, for their breach of contract in the amount of Euros €23,995,000 million as and for damages and for an award of Plaintiffs attorney fees and costs payable by Defendants, all of them, and or such other and further orders as this court deems just and proper under the circumstances.

## Count 3 FRAUD

Against Defendant RAM, SAHUL, LEVEQUE, UMERJI, THORNE, DRIVER, HAMEDI AND VADIA

COME NOW PLAINTIFFS HATTON GROUP LIMITED INC.; MH LIBYA Group for Investment and Joint Services Inc and;MH LIBYA Group for Investment and Services, by

and through their attorney of record Leah Saffian and for their Petition and Complaint for Breach of Written Contract, Conversion, and Fraud and for Damages against Defendants, jointly and severally, they state to the Court as follows:

52. PLAINTIFFS restate and re-allege all averments contained in paragraphs 1-51 of its complaint and petition as if more fully set forth in full hereafter.

53. When demand was made for the return of funds for the over US$47 million paid in full as US$ 20 million and Euros €23,995,000 million pursuant to their contract for the delivery of the medical goods; Defendants forged documents and made dishonest and false representations through forged and false bills of lading inventories, forged and false customs declaration, forged and false licenses, forged and false stamps, false Certificate of Origin (EX 6), False Certificate of Inspection, and forged Dubai Public Prosecution report (EX 7)

54. Defendants were successful in gaining control over the US$47 million paid in full as US$ 20 million and Euros €23,995,000 million.

55. Defendants gained control over these funds through a web of dishonesty including misrepresentation, forged documents and false statements in written and verbal form.

56. Defendants had no legal right to these monies having failed to supply the medical goods and behaved dishonestly.

57. Defendants have failed and refused to remedy their Breach of Contract and acted dishonestly to obtain control over approximately $47 million that belonged to another and as a result Plaintiffs MHL LIBYA suffered damages in that they have lost revenue and remain indebted to the party to whom they were obligated to supply medical goods and to the party that deposited the $ 47 million with MHL Libya for the procurement of medical supplies, namely the Libyan Central Bank There trading reputation has been damaged for taking money and failing to supply goods.

58. Plaintiff MHL LIBYA has lost revenue in excess of Euros €23,995,000 million

(approximately US$26,933,438.10) related to not receiving the product for which it had already paid through deceit dishonesty and subterfuge. It was entitled to receive the product and/or receive a refund of sums paid for said product.

59. Plaintiff MHL LIBYA is obligated to repay Euros €23,995,000 million to the party who contracted for the medical supplies.

60. Plaintiffs have been damaged by the actions of Defendants, jointly and severely.

WHEREFORE, Plaintiffs pray for an order of this Court on Count 3 of its petition granting Plaintiff judgment against Defendants, jointly and severely, for their Fraud in the amount of US $ 47 million as and for damages and for an award of Plaintiffs attorney fees and costs payable by Defendants, all of them, and or such other and further orders as this court deems just and proper under the circumstances.

COUNT 4 – CONVERSION US$47 million as US$ 20 million
pursuant to L/C number 98L/C450001 and Euros €23,995,000 million pursuant to
L/C number 10/61/LC00006/15
AGAINST DEFENDANTS SHEIKH, UMERJI, THORNE, PATEL, DRIVER, VADIA, HAMEDI

COME NOW PLAINTIFFS HATTON GROUP LIMITED INC.; MH LIBYA Group for Investment and Joint Services Inc and; MH LIBYA Group for Investment and Services, by and through their attorney of record Leah Saffian, a California lawyer and Utter Barrister of the United Kingdom, and for their Petition and Complaint for Breach of Written Contract, Conversion, and Fraud and for Damages against Defendants, jointly and severally, they state to the Court as follows:

61. PLAINTIFFS restate and re-allege all averments contained in paragraphs 1-60 of its

11

complaint and petition as if more fully set forth in full hereafter.

62. Defendant's unlawfully took control of, to the exclusion of PLAINTIFFS, US$47 million as US$ 20 million pursuant to L/C number 98L/C450001 and Euros €23,995,000 million pursuant to L/C number 10/61/LC00006/15without having fulfilled the obligations of the contract namely to supply the medical goods.

63. Plaintiffs did not consent to Defendants taking control and custody of the monies particularlized above;

64. Plaintiffs were harmed as a result of Defendants unlawful taking of the US $47 million in that Plaintiffs were unable to meet their obligations to Libya Central Bank by either supply medical supplies or return the monies; and

65. Defendant's SHEIKH, RAM, UMEJI, THORNE, VADIA, PATEL, DRIVER, HAMEDI's conduct in wrongfully taking US $47 million was a substantial factor in causing harm to Plaintiffs HATTON, MHL LIBYA and MHL CA.

66. WHEREFORE, Plaintiffs pray for an order of this Court on Count 4 of its petition granting Plaintiff judgment against Defendants, jointly and severely, for their Conversion in the amount of US$47 million as and for damages and for an award of Plaintiffs attorney fees and costs payable by Defendants, all of them, and or such other and further orders as this court deems just and proper under the circumstances.

COUNT 4 – CONSPIRACY TO DEFRAUD US$47 million from Plaintiff

Against SAHUL RAM SHEIKH UMEJI THRONE VADIA PATEL DRIVER HAMEDI AND LE VEQUE

67. PLAINTIFFS restate and re-allege all averments contained in paragraphs 1-66 of its complaint and petition as if more fully set forth in full hereafter.

68. At the behest of RAM and in a dishonest agreement with SAHUL, false documents were provided by SAHUL, representing that medical equipment and supplies were purchased by RAM from SAHUL for supply to and to defraud MHL Libya SAHUL dishonestly conspired with SHEIKH, UMEJI, THORNE, VADIA, PATEL, DRIVER, HAMEDI and LEVEQUE. (EX 1 Page12-13.

Date: April 11, 2019

LEAH SAFFIAN (SBN 121796)
Attorney at Law
Utter Barrister United Kingdom